**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated, | No. MC-25-00015-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Generac Power Systems Incorporated, | |
| Defendant. | |

Pending before the Court is a motion by non-party Gregory Montgomery ("Montgomery") to modify a deposition subpoena. (Doc. 1.) The motion is fully briefed (Docs. 10, 12) and the Court concludes that oral argument is unnecessary.

As background, Champion Power Equipment, Inc. ("Champion") is currently the plaintiff in two different patent infringement actions. The defendant in the first action, which Champion filed in the District of Arizona in November 2023, is Firman Power Equipment Incorporated ("Firman"). That action is assigned to the undersigned judge. The defendant in the second action, which Champion filed in the Eastern District of Wisconsin in October 2024, is Generac Power Systems, Inc. ("Generac"). In both actions, Champion is represented by Timothy Ziolkowski and Jacob Fritz, and certain additional attorneys represent Champion only in the Firman action (or only in the Generac action). The movant here, Montgomery, worked for Champion from 2005 to December 2014, then worked briefly for Generac through at least April 2015, and then joined Firman in 2015, where he continues to work and currently serves as the president and CEO. (Doc. 1 at 3.)

In April 2025, Champion served a subpoena on Montgomery to provide deposition testimony in the Generac action. (*Id.*) This subpoena prompted a series of meet-and-confer sessions between Montgomery's counsel and Champion's counsel, with Montgomery expressing concern about undue burden and the possibility that he could be subjected to "serial depositions covering the same events that occurred over a decade ago." (*Id.* at 1.) After the parties were unable to come to an agreement, Montgomery filed the pending motion to modify—which, because Montgomery resides in Arizona, was filed in the District of Arizona rather than in the Eastern District of Wisconsin, *see* Fed. R. Civ. P. 45(d)(3)(A)—and the motion was then transferred to the undersigned judge due to its overlap with the Firman action. (Doc. 13.)

The Court has carefully reviewed the parties' motion papers and appreciates their thorough exploration of the issues. The Court concludes that although Champion has persuasively explained why Montgomery's testimony may be relevant and useful in both actions, it has not persuasively explained why it should therefore be allowed to first depose Montgomery in the later-filed action while reserving the right to depose him again in the earlier-filed action without any limitation on its ability to reexamine him, during the second deposition, on the same topics explored during the first deposition. Such an approach would place an undue burden on Montgomery, result in unnecessary duplication, and undermine Rule 1's aim of securing the just, speedy, and inexpensive determination of every action and proceeding. *See generally Tremblay v. OpenAI, Inc.*, 2024 WL 2699884, *2 (N.D. Cal. 2024) ("Plaintiffs would be well advised to cooperate with Defendants in the process of streamlining discovery coordination and deposition procedures across the OpenAI cases given that the court is sympathetic to Defendants' concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources.").[1] Furthermore, given Firman's offer to stipulate to the admissibility of

---

[1] Although Champion has offered to limit its examination during the first deposition "to the timeframe before [Montgomery] began working at Firman," this offer does not, in isolation, address the Court's concerns regarding undue burden and unnecessary duplication because Champion will not further agree "to limit any future examination in the Firman Lawsuit to the period after Mr. Montgomery left Generac." (Doc. 10 at 8.)

Montgomery's subpoenaed testimony in the Generac action for Champion's use in the Firman action (Doc. 2 at 96-97), the Court agrees with Montgomery (Doc. 12 at 2) that Champion's concerns about a "prejudicial gap in the testimony" are speculative and unpersuasive.

Accordingly,

**IT IS ORDERED** that Montgomery's motion to modify subpoena (Doc. 1) is **granted**.  More specifically, Champion's deposition of Montgomery in the Generac action shall be limited to the time period up to the point of Montgomery's departure from Generac; Champion's deposition of Montgomery in the Firman action (if any) shall be limited to the time period after Montgomery's departure from Generac; and Firman's proposed stipulation in the Firman action to the admissibility of Montgomery's subpoenaed testimony from the Generac action is adopted.

**IT IS FURTHER ORDERED** that, upon the issuance of this order, the Clerk shall close this miscellaneous action.

Dated this 30th day of May, 2025.

Dominic W. Lanza
United States District Judge